Filed 4/23/25  In re C.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re C.C., a Person Coming Under the Juvenile Court Law. | C101599 |
| THE PEOPLE, | (Super. Ct. No. JV142570) |
| Plaintiff and Respondent, | |
| v. | |
| C.C., | |
| Defendant and Appellant. | |

Appointed counsel for minor C.C. asks this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to C.C., we affirm the judgment.

BACKGROUND

In December 2022, while driving on patrol, a Sacramento County deputy sheriff saw a black car.  He checked the Department of Motor Vehicles database and learned that

1

the car had been reported stolen. The deputy followed the car while waiting for more deputies to arrive. He followed the car into an apartment complex, where it crashed into an electrical transformer box. Three people exited the car and ran away. The deputy saw C.C., who was then 17 years old, get out of the driver's seat. About an hour later, deputies found that C.C. was inside one of the apartments in the complex, where neighbors reported he had run and yelled to be let in. The deputy issued C.C. a citation but did not take him into custody.

In May 2023, the Sacramento County District Attorney's office filed a petition pursuant to Welfare and Institutions Code section 602, subdivision (a), alleging that C.C. came within the jurisdiction of the juvenile court because he had committed two criminal offenses: taking and driving a motor vehicle without consent and receiving stolen property.[1] The juvenile court held a detention hearing, and C.C.'s counsel waived the reading of the petition and the advisement of rights. (See § 700; Cal. Rules of Court, rule 5.534(c), (d)(2) & (g).) C.C.'s counsel asked to continue the jurisdictional hearing several times for further investigation; the juvenile court granted the requests. (See §§ 657, 682, 700.)

In May 2024, the district attorney's office filed an amended petition adding allegations that C.C. fled a pursuing peace officer in willful or wanton disregard for the safety of persons or property. Prior to the jurisdictional hearing, the district attorney's office moved to dismiss the new charge for insufficient evidence, and the juvenile court granted the request.

The juvenile court held a jurisdictional hearing in May 2024. (See § 701.) The parties stipulated that the black car was taken and driven without the owner's consent and was worth more than $950. The deputy testified to following the black car and seeing

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

C.C. exit the driver's seat after the crash. C.C.'s cousin testified that C.C. had been watching his cousin's children and returned home too late to have been involved in the crash. C.C.'s mother testified that someone had knocked on her door shortly after police arrived at the apartment complex, but she did not open the door and told the person to go away. According to his mother, C.C. arrived home about 20 to 30 minutes after that door knocking and then was detained when he left to go to the store.

The juvenile court found true the allegations that C.C. committed the two charged offenses and therefore found C.C. came within the court's jurisdiction under section 602. (See § 702.) The probation officer asked to continue the dispositional hearing because probation had not been able to contact C.C. or his mother. The court granted the request. After meeting with C.C., the probation officer recommended that the juvenile court adjudge C.C. a ward of the court and place him on probation subject to various conditions.

At the dispositional hearing, the juvenile court declined to adjudge C.C. a ward of the court and placed him on probation pursuant to section 725, subdivision (a). The court struck some of the proposed probation conditions and set hearings to determine restitution obligations and to review C.C.'s progress on probation. C.C. filed a timely notice of appeal stating that he was appealing the court's true findings made at the contested jurisdictional hearing.

DISCUSSION

C.C.'s appointed counsel filed a brief asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) C.C. was advised by counsel of his right to file a supplemental brief within 30 days from the filing of the opening brief. He has not filed a supplemental brief.

We have undertaken an examination of the record and conclude that there is no arguable error that would result in a disposition more favorable to C.C.

3

## DISPOSITION

The juvenile court's judgment is affirmed.

                                               /s/

                                               FEINBERG, J.

We concur:


/s/

DUARTE, Acting P. J.


/s/

WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4